UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
MALTESE TOWING AND RECOVERING,  )
INC.,                           )
      Plaintiff                 )
                                )
      v.                        )  C.A. No. 15-14243-MLW
                                )
TOWN OF TRURO, MASSACHUSETTS;   )
TRURO BOARD OF SELECTMAN; and   )
TRURO CHIEF OF POLICE,          )
      Defendants.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                September 2, 2016

I. SUMMARY

Plaintiff Maltese Towing and Recovering, Inc. ("Maltese") has sued the Town of Truro, Massachusetts, the Truro Board of Selectman, and the Truro Chief of Police (collectively "Truro"). The Truro Police Department has a list of approved towing companies that it calls when a tow truck is needed (the "Tow List"). Maltese alleges it has been denied "due process, rights and privileges" by being removed from the Tow List. It seeks relief under 42 U.S.C. §1983.

Truro has filed a Motion for Judgment on the Pleadings. Maltese has opposed it. As explained in this Memorandum, the Motion for Judgement on the Pleadings is being allowed because Maltese had no constitutionally protected property interest in being on the Tow List and, therefore, no constitutional right to due process.

II. PROCEDURAL HISTORY

Maltese initiated this case by filing the Verified Complaint in the Superior Court of Barnstable County for the Commonwealth of Massachusetts. On December 30, 2015, Truro removed the case to this court based on federal question jurisdiction pursuant to 28 U.S.C. §1331. On January 22, 2016, Truro filed an answer. On February 10, 2016, Truro filed a Motion for Judgment on the Pleadings and supporting memorandum (the "Memorandum"). On March 23, 2016, Maltese filed an opposition (the "Opposition").

III. APPLICABLE STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008); see also Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). However, "[n]on-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (2011).

The standard for considering a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." Twombly, 550 U.S. at 559. That is, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557). "The relevant inquiry focuses on the reasonableness of the inferences of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 13.

IV.  FACTS

Unless otherwise stated, the Verified Complaint alleges the following facts. Maltese is a Massachusetts corporation with its main office in Provincetown, Massachusetts. It was incorporated in March 2012, and began doing business in the Town of Truro, towing and detailing motor vehicles. At some point in 2012, Maltese was placed on the Tow List and "receiv[ed] towing calls from [the] police department . . ." Verified Compl. ¶6. "At some point toward the end of 2012, [Maltese] began to experience lost calls from the Truro Police Department in favor of companies outside of Truro, which caused loss of revenue and financial damage to [Maltese]." Id. ¶7. Maltese unsuccessfully asked to be placed back on the Tow List. Maltese asserts that companies outside of Truro are now performing tows, which increases the costs for the people whose vehicles are towed.

Maltese filed the Affidavit of Paul Redanz, the manager of Maltese, with its Opposition.[1] Redanz states that at the end of 2012, the Truro Police Chief informed him that Maltese would be removed from the "Tow List" without stating any reasons for the decision. See id. ¶¶1-2. He states also that "[i]t has come to my attention that on several occasions" where Maltese was requested

---

[1] The Redanz Affidavit does not address the deficiencies in the Verified Complaint, so the court need not decide whether it is appropriate to consider the Affidavit on a motion for judgment on the pleadings.

4

to perform the tow, "customers or potential customers have been diverted to Silvercloud, a competitor of my company, even though this would involve a greater distance tow than I would provide." See id. ¶4.

V.   DISCUSSION

Truro argues that Maltese fails to state a claim for a violation of its right to due process because being on the Tow List is not a federally protected right. Maltese argues that: (1) Truro's decision to remove Maltese from the tow list was "unfair, unjust, arbitrary and capricious," Opposition at 1; and (2) Maltese's customers are being diverted to a competitor, see id. at 2.

A violation of a federal law for which §1983 provides a remedy "occurs when an official acting under color of state law acts to deprive an individual of a federally protected right." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). Under the Fourteenth Amendment to the United States Constitution, a citizen has a right not to be deprived of property without due process. However, state or federal law must create a property interest in the matter at issue before this principle applies. See id. (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). In this case, Maltese has not alleged facts from which it can be inferred that it has a property interest in

being on the Tow List. Therefore, it fails to state a claim for which relief can be granted.

In Metro Motor Sales, Inc. v. City of Worcester, No. CIV.A. 13-40112-TSH, 2013 WL 6490153 (D. Mass. Dec. 9, 2013), the court reached a comparable conclusion in an analogous case. In that case, the City of Worcester, Massachusetts had terminated a contract that granted the plaintiff exclusive towing rights in certain zones of the city. Id. at *1. The plaintiff sued, alleging, among other things, that terminating the contract violated his right to due process. Id. The plaintiff moved for a preliminary injunction. Id. at *2. The court denied the motion, finding in pertinent part that the plaintiff could not succeed on its §1983 claim because the plaintiff did not have a constitutionally protected property interest in getting tows. The court wrote:

> Defendants correctly point out that the First Circuit has found "with regularity bordering on the echolalic" that "the existence of a state contract, simpliciter, does not confer upon the contracting parties a constitutionally protected property interest" and therefore "a simple breach of contract does not amount to an unconstitutional deprivation of property." Redondo-Borges, 421 F.3d at 10; see also Jimenez v. Almodovar, 650 F.2d 363, 370 (1st Cir. 1981) ("A mere breach of contractual right is not a deprivation of property without constitutional due process of law.... Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case."); S & D Maint. Co. v. Goldin, 844 F.2d 962, 966 (2d Cir. 1988) ("An interest in enforcement of an ordinary commercial contract with

a state is qualitatively different from the interests the Supreme Court has thus far viewed as 'property' entitled to procedural due process protection.").

Id. at *3.

In the instant case, Maltese has not alleged a contractual right to be on the Tow List, let alone facts from which it could be inferred that any such right is constitutionally protected. Therefore, Maltese has failed to allege a plausible entitlement to relief under §1983. Accordingly, the Motion for Judgement on the Pleadings is being allowed.

VI.  ORDER

In view of the foregoing, it is hereby ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 10) is ALLOWED and this case is DISMISSED.

                                                  /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE